O. H. DELCHAMPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. F. DELCHAMPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12612, 12613. Promulgated August 30, 1949.

*George E. H. Goodner, Esq.*, and *Scott P. Crampton, Esq.*, for the petitioners.

*Homer F. Benson, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: The principal issue here presented for decision is whether, during the taxable years 1942 and 1943, Lucile C. Delchamps and Virginia S. Delchamps were equal partners with their husbands and Annie M. Delchamps in a partnership doing business as the Delchamps Grocery Co. Respondent determined that they were not and taxed the income distributed to them to their husbands, the petitioners here.

In the determination of whether the validity of the partnership here involved should be recognized for Federal tax purposes, the ultimate question for decision is whether the partnership is real within the meaning of the Federal revenue laws. That is, we must determine upon consideration of all the facts whether the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. *Commissioner* v. *Tower*, 327 U. S. 280; *Commissioner* v. *Culbertson*, 337 U. S. 733.

It is now well settled that transactions between members of a family which affect tax questions must be closely scrutinized to determine whether they are really what they purport to be, or whether they are merely shifts in tax incidence through superficial changes of ownership which have no real effect upon the economic relation of the members of the family to the income. *Commissioner* v. *Tower, supra; Lusthaus* v. *Commissioner*, 327 U. S. 293; *Helvering* v. *Clifford*, 309 U. S. 331.

In this case the petitioners and their sister had owned and operated a family grocery business as a partnership for a number of years. In the course of a program of business expansion their financial resources were overstrained and what had been a relatively strong position, so far as current assets and current liabilities were concerned, became a hazardous position for the business, with current liabilities exceeding current assets. The business was sound and had a net worth of over $400,000, but was in need of immediate loans to refinance current liabilities. The partners rejected both proposed plans of selling part of the business assets and of mortgaging the business properties when they were advised that either course would impair the credit standing of the business. Since the petitioners' wives owned interests in the real property used in the business, but could not be liable under Alabama law for their husbands' debts, a satisfactory loan agreement, even with the wives' signatures, could not be worked out with the banks. The petitioners and their sister thereupon decided that the most satisfactory solution to the credit problem confronting the business was to form a new partnership which would include the wives as full partners, making them liable individually as partners in the business for the debts of the business to the full extent of their own property and interest in the real property used in the business.

Pursuant to that decision, each of the petitioners gave to his wife a share in the business amounting to two-fifths of his interest, or two-fifteenths of the entire business. Annie M. Delchamps gave to each of the two wives one-fifth of her interest in the business, or one-fifteenth of the entire business. After these transfers were completed, the new five-way partnership was created, with each of the five partners holding an equal one-fifth interest in the business. A satisfactory loan agreement was then made with the banks and the business was substantially refinanced by putting its current obligations on a long term basis.

The purpose in forming the partnership was the reasonable and necessary one of securing substantial loans from the banks in order to make the current financial position of the business more secure and to protect the credit standing of the business. Although other means might have been employed to accomplish this purpose, the partners in good faith believed that the formation of the partnership was the most advantageous one for the business. The accomplishment of this purpose is a fact which may not be disregarded. *Hartz* v. *Commissioner*, 170 Fed. (2d) 313; certiorari denied, 337 U. S. 733.

Gifts of interest in a business to their wives by taxpayers might be mere superficial transfers of ownership made solely to save income taxes by dividing earned incomes, thus violating the principle axiomatic in tax law that income must be taxed to him who earns it. However, in this case, gifts of interests in the business were made to the petitioners' wives by Annie M. Delchamps, as well as by the petitioners themselves. It could not be said that the transfers of interests by her to the two wives were mere superficial transfers of ownership within the family groups. Those transfers were complete and irrevocable transfers of interests from without the family groups. They can not be disregarded for tax purposes. It should also be noted that Lucile C. Delchamps had invested both capital and services of her own in the business in prior years, for which she was not otherwise fully compensated.

While the personal services of the wives during the years here involved may not have amounted to sufficient participation in the business to support a finding that a bona fide partnership was created, we conclude from all the facts that a bona fide partnership was well established on the grounds of contributions of capital and credit. There was a real and true intention to create a bona fide partnership to make the resources of the two wives available for the support of the credit position of the business. The partnership must be recognized as real within the meaning of the Federal revenue laws. *Hartz* v. *Commissioner, supra.*

Having concluded that the partnership is valid for tax purposes, we do not concern ourselves with the sufficiency of the wives' contribu-

tions of capital or services to justify the shares of partnership earnings distributed to them. Any reallocation of partnership earnings among the partners contrary to that provided for in the partnership agreement would amount to the making of a new contract for the partners. That action is beyond the province of this Court, in the absence of any patently unreasonable agreement by them. *Woosley* v. *Commissioner*, 168 Fed. (2d) 330; *Canfield* v. *Commissioner*, 168 Fed. (2d) 907.

Any determination of the alternative issues raised by petitioners is unnecessary in view of our determination that the partnership was valid for Federal tax purposes.

*Decisions will be entered for the petitioners.*