OPINION. Black, Judge: The principal issue in this proceeding is whether Virginia D. Middlebrook, petitioner’s wife, should be recognized in the taxable years 1941 to 1945 as a partner with her husband, the petitioner, and Harry E. Brown in a partnership doing business as Metropolitan Buick Co. Respondent does not dispute that the Metropolitan Buick Co. was operated as a partnership during the taxable years here in question and he has recognized petitioner and Harry E. Brown as partners, but has refused to give recognition to Virginia as a partner and has taxed her interest in the partnership profits to petitioner. The question of whether the partnership here in question* is real for income tax purposes depends upon whether the parties, in good faith and acting with a business purpose, intended to join together as partners in the present conduct of the enterprise. Commissioner v. Tower, 327 U. S. 280; Commissioner v. Culbertson, 337 U. S. 733. Respondent contends that the parties to the partnership agreement did not intend to carry on business with petitioner’s wife as a partner and that petitioner’s wife did not invest capital originating with her or substantially contribute to the control and the management of the business, or otherwise perform vital services within the meaning of Commissioner v. Tower, supra, and Lusthaus v. Commissioner, 327 U. S. 293. The respondent, in contending that petitioner’s wife did not contribute capital originating with her within the meaning of the Tower case, maintains that although it was stipulated that the corporation’s stock transfer book shows that on July 12, 1938, 199 shares of stock were issued in the name of petitioner’s wife, the record shows that these shares were never the subject of a completed gift. He maintains that the petitioner never relinquished complete dominion or control over the subject matter of the gift and thus there was no completed gift within the rationale of Adolph Weil, 31 B. T. A. 899; affd., 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552. Respondent’s contention that petitioner did not divest himself of the dominion and control of the 199 shares of the corporation’s stock transferred to his wife on July 12, 1938, is based upon the fact that until March 8,1939, when he made the additional gift of one share of stock, he was a majority stockholder and, therefore, as a result of his ownership of a majority of the stock he had control of the corporation, including the power to cause it to be dissolved. This argument has no validity in affecting Virginia’s ownership of the stock which had been transferred to her. A minority stockholder can own stock just as completely as a majority stockholder. The fact that petitioner, as a majority stockholder, had control of the corporation and might bring about its dissolution without the consent of the other shareholders is not decisive of the question presented for our consideration. That question is whether petitioner retained dominion and control over the 199 shares of stock transferred to his wife which were the subject of the gift. The record shows that the petitioner’s transfer of the 199 shares of stock to his wife on July 12, 1938, and the additional share on March 8, 1939, embraced all of the elements of a gift in that the petitioner made a transfer through the actual issuance of new stock certificates to his wife as donee, and the stock was delivered to her. The record shows that he intended to divest himself of the title, dominion, and control of the stock, in praesenti, and that he did so. He filed a gift .tax return for the 199 shares, and both petitioner and his wife testified that petitioner had no control whatever over the shares held by his wife. He did not have a power of attorney or any other authority to exercise control or dominion over them and there was no understanding between them which would limit the wife’s absolute ownership. We think, therefore, that there was a valid gift within the meaning of Adolph Weil, supra. Respondent contends that, even if there was a completed gift of the stock, petitioner retained dominion and control of the interest which his wife acquired in the partnership, which would make the transfer ineffective in determining the reality of the partnership. His argument is based upon the fact that the partnership articles provided that petitioner’s wife agreed not to dispose of her interest except to petitioner, and that she gave to petitioner an option to acquire her interest at its book value, so that he could terminate the partnership without his wife’s consent. We do not agree with this contention. Partnership is a relationship arising out of contract. The partners may enter into an agreement between themselves with respect to their rights and interests which they deem proper. See Rowley Modern Law of Partnership, secs. 210, 211, and 386. Morgan v. Child, Cole & Co., 47 Utah 417, 426; 155 Pac. 451. The fact that petitioner’s wife agreed that she would not dispose of her interest to anyone except petitioner and that petitioner had the option to acquire her interest at will does not affect the validity of the partnership. Brown did the same thing, yet the Commissioner makes no contention that he was not a partner. Respondent further contends that, even though there was a completed gift of the stock to petitioner’s wife, the subsequent contribution of the liquidated property did not constitute a contribution of capital originating with her within the meaning of the Tower case, supra. We think the facts in the instant case are distinguishable from those present in the Tower case. In that case Tower transferred 190 shares of the corporation’s stock to his wife on the condition that she place the corporate assets represented by these shares into the new partnership business. There was no such condition attached to the gift in the instant case. The record shows that when the petitioner made a gift to his wife of the 199 shares of the corporation’s stock in July 1938 no condition whatever was attached to the gift and that it was his intention to make a complete and irrevocable gift to her. Moreover, in the Tower case the stock was given to the wife after it was decided to dissolve the corporation and form a partnership, and three days after the stock was transferred the corporation was liquidated and the partnership formed. In the instant proceeding, when the gift of 199 shares of stock was made on July 12, 1938, there was no thought or plan of forming a partnership. The idea of forming a partnership was first suggested to petitioner by his auditors in the latter part of November 1938, when petitioner made a trip to New York to discuss with them various corporate tax matters, at which time they advised him that the dissolution of the corporation and the formation of a partnership would eliminate the necessity of filing various corporate returns as well as result in tax saving. On his return to Pittsburgh the matter was discussed with his wife and Brown, the other stockholders, but no action was taken. Petitioner’s wife was reluctant to enter the partnership as she expected to inherit a substantial estate and did not wish to jeopardize it by incurring the risks of a partnership. However, after being assured that many of the risks incidental to a partnership could be minimized by carrying additional insurance and by careful management, she consented to join in the partnership and on March 15, 1939, the corporation was dissolved and the partnership formed. On these facts, when the petitioner, joined by his wife and Brown, transferred to the new partnership the property and assets of the corporation which they had received as a liquidating dividend, Virginia D. Middlebrook made a contribution of capital to the partnership which belonged to her and she became a partner and was the owner of the interest which it was agreed she would have in the partnership agreement. The Supreme Court pointed out in Commissioner v. Culbertson, supra: * * * The Tax Court’s Isolation of “original capital” as an essential of membership in a family partnership also indicates an erroneous reading of the Tower opinion. We did not say that the donee of an intra-family gift could never become a partner through investment of capital in the family partnership, any more than we said that all' family trusts are invalid for tax purposes in Helvering v. Clifford, supra. The facts may indicate, on the contrary, that the amount thus contributed and the income therefrom should be considered the property of the donee for tax, as well as general law, purposes. * * * Also, it had previously stated therein: * * * If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient. * * * We conclude from all the evidence that the parties joined together in good faith to conduct a business as partners and that a bona fide partnership was established. We conclude from the evidence that not only did Virginia contribute capital which belonged to her, but also that she rendered vital and important services to the partnership. She was a woman of considerable business knowledge and experience and during the taxable years gave freely of this knowledge and experience to the business. The nature of her services to the partnership is detailed to some extent in our findings of fact and need not be repeated here. We hold, therefore, under the rationale of the Culbertson case, that Virginia D. Middlebrook should be considered as a partner in the partnership of Metropolitan Buick Co. See O. H. Delchamps, 13 T. C. 281. The next question to be considered is whether the assessment and the collection of the deficiency for 1941 are barred by the statute of limitations. The applicable statute is set out in the margin.[1] The record shows that petitioner’s return for 1941 was filed on March 16, 1942, and the notice of deficiency was mailed to petitioner on February 8, 1947, more than three years and less than five years after the return was filed. Petitioner in his return for 1941 reported gross income of $34,751.02 and the partnership return filed for 1941 disclosed that the earnings allocated to his wife were $31,288.84. Respondent contends that there was omitted from petitioner’s gross income for 1941 the above amount of $31,288.84 which was properly includible therein, which amount was in excess of 25 per cent of the gross income reported in petitioner’s return, and that, therefore, the five-year limitation period under section 275 (c) of the code was applicable. Since we have held that the partnership profits allocable to the wife in 1941 in the amount of $31,288.84 were not includible in petitioner’s gross income for 1941, section 275 (c) is not applicable and the assessment and collection of the 1941 deficiency is barred. Cf. C. A. Reis, 1 T. C. 9. Decision will he entered- wider Ride 50. SEC. 275. PERIOD OP LIMITATION UPON ASSESSMENT AND COLLECTION. ******* (a) General Rule. — The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. ******* (c) Omission from Gross Income. — If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within five years after the return was filed.