Paul McWilliams v. Commissioner.
Paul McWilliams v. Commissioner
Docket Nos. 17422, 24999.
United States Tax Court
1950 Tax Ct. Memo LEXIS 86; 9 T.C.M. (CCH) 866; T.C.M. (RIA) 50234; September 29, 1950
*86 1. Petitioner and another on July 20, 1939, formed a partnership to conduct an office machine business. Shortly after the business opened it was in need of additional working capital. Petitioner's wife borrowed sums of money from her father which she invested in the partnership under an agreement that when she had invested $1,500 she would be given three-sevenths of petitioner's interest. By September 1940, she had invested $1,500 in the business and was made a partner. In determining the deficiencies the respondent included in petitioner's taxable income the distributive share of profits of the partnership allocated to his wife. Held, the petitioner's wife having invested capital in the partnership and having rendered substantial services to the business there was a real intention to form a business partnership and the partnership earnings are taxable to the partners in accordance with their agreement. 2. Petitioner in the taxable years operated his automobile partly for business and partly for personal use. In his returns for the taxable years he deducted certain amounts for depreciation on the basis that seven-eighths of the automobile's use was for business purposes. He also *87 deducted on his returns for 1944 and 1945 insurance on said automobile. Held, the petitioner's claim for depreciation on his automobile sustained and the amount deductible for insurance determined. 3. In 1944, petitioner incurred certain expenditures for travel and entertainment purposes connected with the partnership business for which he was not reimbursed by the partnership. He claimed deduction on his return for the amount of such expenses for which he was not reimbursed. Held, in determining his net income for 1944, petitioner is entitled to have deducted the amount of such expenses which he has established as having been incurred for business purposes in excess of the amount for which he was reimbursed. 4. In 1945 and 1946, the partnership expended certain amounts for tickets to a minstrel show which it distributed to its customers and certain amounts for flowers which were sent to customers and employees who were ill. Held, such amounts are deductible in determining the amount of partnership net income. 5. In 1945 and 1946, petitioner's wife incurred certain expenditures for the entertainment of customers of the partnership for which she was not reimbursed by the partnership *88 and she took these expenditures as deductions on the separate income tax returns which she filed. Held, that inasmuch as we have held there was a legal partnership and that petitioner is not taxable on any part of the wife's distributive share of the profits of the partnership, he is not entitled to the deduction of any part of these entertainment expenses claimed as deductions by the wife on her returns. 6. During 1944, petitioner paid a certain amount to a Parent Teachers Association, a tuberculosis association and a crippled children's organization. Held, the amounts so paid are deductible. 7. During 1945 and 1946, petitioner was a member of the Kiwanis Club and in each of these years the partnership paid his annual dues. Held, the deduction of the dues paid to the Kiwanis Club may not, for lack of sufficient evidence to show they were incurred for business purposes, be allowed as a business expense. Frank J. Wills, Esq., and Guy B. Reeves, Esq., for the petitioner. John P. Higgins, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioner's income tax for the years 1944, 1945, and 1946, in the respective amounts of $4,305.80, $6,727.50, and $6,356.13. The deficiencies are due to several adjustments to petitioner's net income for the taxable years involved which the petitioner contests by appropriate assignments of error. The deficiencies are primarily due to the determination by the respondent that the portion of the earnings and profits of the Capital Typewriter Company, operated as a partnership, reported as distributable to Lillian T. McWilliams, wife of the petitioner and returned by her as her own income on separate returns for the taxable years, is taxable to him. One of the adjustments made by respondent for the year 1944 and one for 1946 are not contested. The questions for our consideration as raised by the assignments of error are: (1) whether the respondent erred in taxing *90 petitioner in each of the taxable years upon his wife's distributive share of the net income of the Capital Typewriter Company; (2) whether respondent erred in disallowing certain amounts claimed for depreciation on an automobile owned by the petitioner and not the partnership in the taxable years and whether respondent erred in disallowing an amount claimed for insurance in 1945 on said automobile; (3) whether respondent erred in disallowing certain amounts claimed as entertainment and other business expenses claimed by petitioner and not reimbursed to him by the partnership in the taxable years; (4) whether respondent erred in not allowing the partnership deductions for each of the taxable years 1945 and 1946, $30 paid for Kiwanis entertainment tickets and distributed to the customers of the partnership, also certain sums expended for flowers sent to customers and employees who were ill; (5) whether respondent erred in not allowing to petitioner as a deduction in 1945 entertainment expenditures by petitioner's wife of $131.76 and in not allowing similar expenditures of $139.44 for 1946; (6) whether respondent erred in disallowing certain amounts claimed by petitioner in 1944 as contributions; *91 and (7) whether respondent erred in disallowing as a partnership deduction dues paid in 1945 and 1946 to the Kiwanis Club. Findings of Fact Issue 1. Petitioner Paul McWilliams is an individual who resides in Little Rock, Arkansas. His income tax returns for the taxable years involved were filed with the collector of internal revenue for the district of Arkansas. Petitioner and F. X. Bier entered into a partnership agreement on July 20, 1939, to conduct an office machine business under the name of Capital Typewriter Company. Petitioner invested $2,500 and Bier, $1,250 as capital. Of the original capital of $2,500 invested by petitioner, the amount of $1,000 was borrowed from his father-in-law, F. G. Lyon. Petitioner was to have active management of the business and was to receive a salary of $150 per month and a bonus of $600, if profits exceeded $3,000, and $1,200, if profits exceeded $5,000. The remaining profits were to be divided two-thirds to petitioner and one-third to Bier. It was provided that in the event of the death of either partner in case the survivor and the executor of the deceased member should not agree as to operation policy, the survivor had the right to purchase *92 the assets of the partnership at the actual value of the stock in trade and accounts receivable. Within a short time after the business opened it needed additional working capital. The partners were unable to borrow from local banks and Bier declined to advance additional capital but it was agreed that petitioner might seek new capital provided Bier's interest was not diminished. F. G. Lyon, petitioner's father-in-law, agreed to lend petitioner's wife, Lillian T. McWilliams, (sometimes hereinafter referred to as Lillian) money to invest in the business. He loaned her $500 in October 1939, which she invested in the partnership business under an agreement that as soon as she invested a total of $1,500 she would be given threesevenths of her husband's two-thirds interest. She borrowed additional amounts from her father so that by September 21, 1940, she had invested $1,500 in the business. After investment of the $1,500 by Lillian, an endorsement was made by agreement of all the parties on the original partnership agreement of July 20, 1939, as follows: "The above signed parties agree that I the undersigned shall become a partner and I agree to become a partner in the above partnership *93 contract and to be bound by its terms in consideration of which I have paid in $1500.00 as capital. I further agree to share the profits and losses in accordance with my interest after 1/1/41. It is further agreed that F. X. Bier continues to have 1/3 interest. [signed] Lillian T. McWilliams" During October 1939, Lillian worked for approximately a month at the store and in January 1940, she worked three weeks. On or about September 1, 1940, she started working full time at the store for which she was paid $5.00 per week for the purpose of paying for carfare andlunches. During the period from September 1940 until March 1942, she worked regularly in the store performing various duties such as waiting on the customers and assisting in keeping the books and records. When her husband was out-of-town she had charge of the store and made the decisions. In March 1942, sales of typewriters were frozen on account of the war and the business thereafter consisted primarily of renting and repairing typewriters and other business machines and from then on she assisted only to the extent of helping petitioner balance the books at the end of each month and when petitioner was out-of-town she *94 would sometimes assist at the store. At all times, however, when petitioner was out-of-town Lillian made the various business decisions which arose. The Capital Typewriter Company had accumulated profits as of December 31, 1940, of approximately $9,388, no part of which was distributed to Lillian. In July 1941, petitioner and Bier withdrew assets from the business equal to their accumulated profits to December 31, 1940, for the purpose of opening a similar business in Memphis. This business was liquidated in March 1942. Bier actively participated in the business only from about February 1944 until April 1944. He became ill in May 1944 and died in June 1944. Petitioner and Lillian, in accordance with the partnership agreement of July 20, 1939, acquired Bier's one-third interest in the business from his estate for the sum of $24,327.40. On July 1, 1944, they entered into a new partnership agreement for the continuance of the business of the Capital Typewriter Company. It was agreed that petitioner should have a four-sevenths interest in the business and that Lillian should have a three-sevenths interest and that they should share profits and losses from the operation of the business *95 in accordance with said interests. It was further agreed that petitioner was to have a drawing account in the amount of $100 per month. The partnership filed partnership returns for the years 1944, 1945, and 1946, reporting the names of the partners and their distributive shares of the profits of the partnership business as follows: Name
1944
1945
1946
Paul McWilliams
$11,516.08
$18,717.86
$19,062.35
Lillian T. McWilliams
9,314.54
11,788.40
12,046.75
F. X. Bier
3,000.00
F. X. Bier Estate
5,609.00 The partnership distributions to petitioner and Lillian were placed in a joint bank account held in their names. This account was used for the payment of all household and personal expenses. Petitioner's wife refused to join with her husband in opening a similar business in Memphis in 1945. She felt capable of operating the Capital Typewriter Company alone should her husband become incapacitated, but she did not think herself capable of managing another business in Memphis. Petitioner interested Mrs. Bier and F. G. Lyon in taking one-fourth interest each in the Memphis business and he took one-half. His part of the profits therefrom in 1946 was *96 $4,584.32 and in 1947 was $8,832.10. Adjusted gross income as shown by the separate returns filed by petitioner and Lillian is as follows: Paul
Lillian
Year
McWilliams
McWilliams
1944
$11,209.33
$ 9,314.54
1945
19,263.14
11,788.40
1946
22,982.02
12,046.75
The partnership, Capital Typewriter Company, consisting in 1944 of petitioner, Lillian T. McWilliams and F. X. Bier, up until the time of the death of Bier, and in 1944, after the death of Bier, in 1945 and in 1946 consisting of petitioner and Lillian T. McWilliams, was formed for a business purpose with a bona fide intention to conduct business as partners and was in fact a bona fide partnership during each of the taxable years. Each partner was entitled to the share of profits agreed upon. Issue 2. During the taxable years 1944, 1945, and 1946, petitioner owned and operated a 1942 Dodge automobile which he purchased at a price of $1,497. He depreciated this car on the basis of a three-year life at $499 a year. During the taxable years he deducted the amount of $436.62 on the basis that seven-eighths of the car's use was for business purposes. During the taxable years part of the business *97 of the Capital Typewriter Company consisted of renting and servicing typewriters in nearby towns and in various defense plants in that area and the automobile was used in part for these purposes. Respondent determined that the depreciation of $436.62 claimed by petitioner on his returns for the taxable years should be decreased to $249.50 in each year, a disallowance of $187.12 for each of the taxable years. This was done on the basis of a determination by respondent that petitioner used this automobile 50 per cent for business purposes. In the taxable years 1944 and 1945, petitioner claimed a deduction of $35.70 as insurance on said automobile. Petitioner, during the taxable years in question, used this automobile seven-eighths of the time for business purposes and one-eighth of the time for personal use. Issue 3. Petitioner during the year 1944, expended the amount of $915 for various travel expenses, including hotel accommodations, meals and other incidentals. These expenses were incurred in attending a convention of the National Office Machine Dealers Association and for various out-of-town trips for business purposes which the respondent has allowed to the partnership as business *98 expenses. In addition to the above amount of $915 spent for travel expenses, he listed the amount of $400 in a lump sum as expended for "Entertainment of customers, factory representatives and gifts" making a total of $1,315 allegedly expended for the above purposes. He was reimbursed in the amount of $1,200 for the above expenditures by the Capital Typewriter Company, leaving the amount of $115 unreimbursed which he claimed as a deduction on his own return for 1944 as "Business travel expenses not reimbursed." With respect to the foregoing deductions, respondent determined and stated in his deficiency notice as follows: "(c) The deduction of $400.00 claimed by you as entertainment expense has been denied for lack of substantiation. "(d) On your return for the taxable year, you claimed a deduction of $115.00 as business expense for which you were not reimbursed by the partnership, the Capital Typewriter Co. Inasmuch as you have not substantiated this deduction, it has been denied in the computation of your adjusted net income." In January 1944, petitioner attended the National Office Machine Dealers Association convention in Chicago and arranged entertainment for various officials *99 of typewriter and office machine companies and he estimated the cost of these expenses in the amount of $65. Petitioner and his wife spent three days at Hot Springs and estimated that he spent the amount of $85 for dinners, entertainment, etc. for an official and his wife of an office machine company. In March 1944, he made a trip to Kansas City and St. Louis where he entertained office machine dealers and he estimated these expenses at $45. In April 1944, petitioner estimated that he had expended the amount of $10 for dinners and entertainment for an official of one of the typewriter companies. In May 1944, he entertained the representative of another typewriter company at an estimated cost of $5.00. In June 1944, at the time of F. X. Bier's death, an official of one of the business machine companies came to Little Rock and while there petitioner paid his hotel bill, meals, etc. which he estimated at a cost of $40. In August 1944, he entertained the district manager of a business machine company at an estimated cost of $15. In September 1944, an official of one of the typewriter companies and his wife came to Little Rock where petitioner and his wife entertained them. Petitioner and *100 his wife thereafter went with them to Hot Springs where they were also entertained. Petitioner estimated these expenses in the amount of $90. In December 1944, petitioner went to Kansas City to hire a certain mechanic and entertained him and his wife at an estimated cost of $15. Petitioner had sales meetings every two weeks and during the year 1944 had dinners for three of the sales meetings at an estimated cost of $30. Issue 4. In each of the years 1945 and 1946, the Capital Typewriter Company expended $30 for tickets to the Kiwanis Club's annual minstrel show. This club sponsored a summer rest camp for underprivileged boys and in order to raise funds for this purpose it annually puts on a minstrel show with local talent. The Capital Typewriter Company purchased $30 worth of tickets in each of these years at $1.00 each and gave them to its customers. In 1945 and 1946, the Capital Typewriter Company expended the respective amounts of $31.11 and $6.90 for flowers. When any of the firm's employees or their wives or outstanding customers were ill flowers were sent to them. These expenditures were made for the purpose of maintaining good labor relations and customers' good will. *101 Issue 5. Petitioner's wife in her returns for the taxable years 1945 and 1946, deducted the respective amounts of $263.51 and $278.87 for entertainment expenses. Respondent, in his adjustment of petitioner's income for the years 1945 and 1946, allowed a deduction of $131.75 and $139.44, respectively, to him on account of these expenditures. Lillian kept no itemized account of the amounts spent for entertainment expenses and at the end of each year estimated the amount she had spent for such purposes. In June 1945, she had a picnic breakfast for the employees and their families and she estimated the expenses thereof in the amount of $30. During the year 1945, she had a buffet supper for the employees which she estimated cost $60 and during that year she gave Christmas present to the children of the employees at an estimated cost of $61.50. During the year 1946, she estimated that she incurred the following expenses: Christmas presents for the employees and their families, $105; picnic for the employees, $47.50; and buffet supper for customers, $40.50. Issue 6. During the taxable year 1944, petitioner deducted the amount of $215 for charitable contributions of which respondent allowed *102 $190. Respondent disallowed $25 for miscellaneous charitable contributions on the ground that these expenditures had not been substantiated. During the taxable year 1944, petitioner paid the amount of $15 to the local Parent Teachers Association; this association assists in raising money for procuring equipment for school playgrounds. Petitioner also contributed $5.00 to the Pulaski County Tuberculosis Association for the purchase of Christmas seals and the amount of $5.00 for the purchase of seals issued by a crippled children's organization for the purpose of raising funds to assist in its work in correcting physical defects in children. Issue 7. In each of the years 1945 and 1946, petitioner was a member of the Kiwanis Club and in each of these years the Capital Typewriter Company paid his annual dues in the amount of $24. The Kiwanis Club is a club of local business men who hold weekly luncheon meetings at which there is usually a business speaker. Opinion BLACK, Judge: The principal issue in these proceedings is whether Lillian T. McWilliams should be recognized as a partner in the Capital Typewriter Company operated in the taxable years as a partnership composed in 1944 *103 of petitioner, Lillian and F. X. Bier up until the time of Bier's death in 1944, and thereafter in each of the taxable years composed of petitioner and Lillian. Respondent does not dispute that the Capital Typewriter Company was operated as a partnership during the taxable year 1944 and he was recognized petitioner and F. X. Bier as partners up to the time of Bier's death in 1944, but has refused to give recognition to Lillian as a partner and has taxed her interest in the partnership's profits to petitioner. Respondent determined that in 1944, 1945, and 1946, no partnership existed between petitioner and his wife and has taxed her interest in the profits of the Capital Typewriter Company in those years to petitioner. The question of whether a partnership existed between petitioner and Lillian depends upon whether the parties in good faith and acting with a business purpose intended to join together as partners in the present conduct of the enterprise. Commissioner v. Culbertson, 337 U.S. 733; Commissioner v. Tower, 327 U.S. 280. The question of intent is determined from the consideration of the agreement, the conduct of the parties in the execution of *104 its provisions, their statements, the relationship of the parties, their respective abilities and capital contributions, the actual control of income, and the purposes for which it is used and any other factors throwing light on their true intent. Commissioner v. Culbertson, supra. The evidence shows that shortly after petitioner and Bier organized the partnership of the Capital Typewriter Company in 1939, the business was in need of working capital. Petitioner had no additional money to invest in the business and Bier declined to advance additional funds, but agreed that petitioner could seek new capital provided his one-third interest was not lessened. Petitioner's wife thereupon borrowed $500 from her father in November 1939, which she invested in the business under an agreement that as soon as she had invested $1,500 she would acquire three-sevenths of petitioner's interest therein. She procured additional advances from her father and by September 21, 1940, she had invested $1,500 in the business which was her proportionate part of the capital up to that time. After the investment of the $1,500 she was made a partner with three-sevenths of petitioner's two-thirds *105 interest therein. The investment of the $1,500 by Lillian during the period set out was a factor of considerable importance to the financial position of the enterprise. As pointed out above, the business was newly organized and had no financial credit. When Lillian invested $1,500 in the enterprise she made a capital contribution to the business which was a material factor in the continued existence and operation thereof. The evidence also shows that Lillian actively participated in a substantial way in the operation of the business. She worked continuously from September 1940 to March 1942, performing various tasks such as waiting on customers, assisting in keeping the books, and, when her husband was out of town, actively managing the same and making various business decisions. We find, therefore, from a consideration of all the evidence a real intent on the part of petitioner and his wife to carry on the business of the Capital Typewriter Company as a partnership. We hold that the earnings of the business, therefore, are taxable to petitioner and his wife in the proportions provided by the partnership agreements. Cf. Joseph Middlebrook, Jr., 13 T.C. 385; O. H. Delchamps, 13 T.C. 281; *106 Thomas B. Lilly, 14 T.C. 1066. Issue 2. Petitioner contends that he is entitled to deduct $436.62 in each of the taxable years as a business expense for automobile depreciation on an automobile owned by himself and not by the partnership. He claims that the automobile was used for business purposes seven-eighths of the time and that the claimed depreciation represents seven-eighths of the depreciation on the automobile for each of the taxable years 1944, 1945, and 1946. Respondent allowed depreciation in the amount of $249.50 for each year on the ground that only one-half of the car's use was for business purposes. He made no adjustment with respect to the deduction of insurance, $35.70 for the year 1944, but in 1945 allowed insurance in the amount of $17.85, resulting in an adjustment of $17.85 for that year. Petitioner in his brief concedes that if the Court sustains his contention that seven-eighths of the automobile's use was for business purposes that only seven-eights of the insurance of $35.70 deducted in 1945 should be allowed. Petitioner testified that during the taxable years the greater part of the firm's business was in renting and servicing typewriters *107 in nearby towns and defense plants and the evidence convinces us that seven-eighths of the automobile's use was for business purposes. We hold, therefore, that the amounts claimed during the taxable years for depreciation of petitioner's automobile are allowable. We further hold that seven-eights of the amount of $35.70 paid for insurance on the automobile in 1945 is allowable. Issue 3. Petitioner contends that during 1944 he expended the amount of $400 for entertainment expenses which respondent has not allowed. The evidence shows that in 1944 he expended $915 for travel expenses which respondent does not contest and has allowed in the computation of the income of the Capital Typewriter Company. In addition, he claims that the amount of $400 was expended for entertainment purposes, making a total of $1,315 expended for travel and entertainment purposes. He was reimbursed $1,200 by the firm and in his own return for 1944, deducted $115 for these unreimbursed expenses. Respondent contends that petitioner has not substantiated these expeses. Petitioner did not introduce in evidence any receipts or vouchers substantiating the expenditure of $400 for entertainment purposes. He estimated, *108 however, that the amounts set forth in our findings of fact were spent for the purposes therein set out. We are satisfied that part of the various expenses testified to were properly business expenses under section 23 (a) of the Internal Revenue Code. The ascertainment of the amount thereof is not free from difficulty. We think the evidence shows that some of these expenses were personal and not for business purposes. It is accordingly necessary in the circumstances for the Court to proceed as it was directed to in Cohan v. Commissioner, 39 Fed. (2d) 540, and make some allowances, but to bear heavily against the petitioner upon whom the burden rests to offer evidence sufficient to support his allegations. Applying the Cohan rule, we have concluded that of $400 which petitioner estimated for entertainment expenses, the amount of $300 was related to the operation of the business and is deductible as a business expense and that the remainder was chargeable to personal expenses. The total amount, therefore, deductible for travel and entertainment expenses in 1944 is $1,215 and since petitioner was reimbursed by the firm for these expenses in the amount *109 of $1,200 he is entitled to deduct in 1944 the amount of $15 on account of these unreimbursed expenses. If in the computation of partnership income the sum of $1,200 has not been allowed for travel and entertainment expenses that sum should be allowed as a deduction in a computation under Rule 50. Issue 4. Petitioner claims that the partnership is entitled to deduct as business expenses in 1945 and 1946, the amount of $30 paid in each of those years for tickets to the Kiwanis Club's annual minstrel show which tickets were distributed by the partnership to its customers. We think that the expenditure of $30 in each of the years 1945 and 1946 for the above purpose may be classified as entertainment of customers in the course of operating the business and on that basis the deduction is allowed. We also think that the amounts expended for flowers in 1945 and 1946 for distribution to employees and their wives and outstanding customers who were ill are deductible as business expenses. The firm apparently regarded sending flowers to employees and to customers as creating good will among the employees and as being good advertising among their customers. Issue 5. Petitioner's wife, in *110 her returns for the taxable years 1945 and 1946, deducted the respective amounts of $263.51 and $278.87 for entertainment expenses. Respondent, in his adjustment of petitioner's income for the years 1945 and 1946, allowed a deduction in the respective amounts of $131.75 and $139.44, or 50 per cent thereof on account of these expenditures. Respondent allowed these deductions to petitioner because he determined that after the death of Bier the partnership business was in reality a sole proprietorship of Paul McWilliams and that all of the income should be taxed to him. Petitioner's assignments of error on this score are to the effect that if the Court should hold with respondent that the business was being operated as a sole proprietorship by Paul McWilliams and all the income is taxable to him, then the Commissioner should have allowed not only 50 per cent of the expenditures in question as deductions to petitioner, but should have allowed the full amount of such expenditures as deductions. Inasmuch as we have held that the Capital Typewriter Company was being operated as a partnership between petitioner and his wife and that Lillian is taxable on her own share of the partnership income, *111 it naturally follows that none of these expenditures here in question are deductible by petitioner. They clearly were not deducted by Lillian on her return as partnership deductions but were taken as deductions for money which she had expended out of her own personal funds and had not been reimbursed by the partnership. Whether Lillian is entitled to these deductions for entertainment expenses incurred by her we do not decide; we do not have her case before us for decision. We do hold that petitioner is not entitled to deduct these entertainment expenses incurred by Lillian or any part thereof in determining his own net income for 1945 and 1946. On this issue the Commissioner is sustained. Issue 6. The amount of $25 for miscellaneous charitable contributions in 1944, covering amounts contributed by petitioner to the Parent Teachers Association, Pulaski County Tuberculosis Association and to a crippled children's organization are properly deductible. Issue 7. Petitioner contends that the partnership is entitled to deduct as business expenses in 1945 and 1946, the annual dues paid to the Kiwanis Club on behalf of petitioner's membership. Whether dues paid to a particular club are *112 a deductible business expense under section 23 (a) of the Internal Revenue Code turns upon the facts in each case. The burden of proof is on the petitioner to show that such expenditures were primarily for business, rather than for personal expenses. Cf. Louis Boehm, 35 B.T.A. 1106, and George K. Gann, 41 B.T.A. 388. No evidence was introduced to show that the dues paid to the Kiwanis Club were so closely related to the conduct of the partnership business as to have been helpful, useful or necessary. The only evidence which petitioner introduced was that the Kiwanis Club was an association of business jen who held weekly luncheon meetings at which there was usually a business speaker. We consider that this evidence as to the club dues is insufficient to justify their allowance as business expenses, and we so hold. Petitioner in his brief points out that although separate returns were filed by petitioner and his wife for the years here involved, the respondent has taxed petitioner on the entire income of himself and his wife but has disallowed $84.35 in 1945 and $118,37 in 1946 for state income taxes paid by the petitioner's wife. He *113 argues that as long as respondent refuses to recognize the partnership he should allow the petitioner credit for state income taxes paid by his wife. However, petitioner has made no assignment of error with respect thereto and, therefore, no issue has been raised. Issues are properly raised by assignments of error in the petition. Cf. Louis Halle, 7 T.C. 245. Issues not raised will not be discussed. Decisions will be entered under Rule 50.